UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| UNITED STATES OF AMERICA | ) | CASE NO 1:25-CR-62 |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| FNU LNU | ) | |
|    AKA RONY DENIS et al. | ) | |

### UNITED STATES' MOTION TO DESIGNATE CASE AS COMPLEX AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT

Comes now the United States and moves this Court to declare this case complex, as defined by Title 18, United States Code, Section 3161 and to exclude time from computation under the Speedy Trial Act.

The Speedy Trial Act, codified at 18 U.S.C. § 3161, *et seq.*, requires a defendant's trial to begin within 70 days of his indictment or appearance before a judicial officer, whichever occurs later. 18 U.S.C. § 3161(c)(1). The Speedy Trial Act recognizes, however, that certain cases are so unusual or complex, "due to the number of defendants [or] the nature of prosecution . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act]." 18 U.S.C. § 3161(h)(7)(B)(ii).

This is a complex case warranting the exclusion of time under the Speedy Trial Act. Eight defendants are charged in various crimes relating to two fraud schemes in involving bank fraud and wire fraud, as well as tax charges. The indictment charges 26 separate counts.

1

The investigation included, among other things, (1) reviewing more than 175 bank accounts, (2) interviews of dozens and dozens of witnesses, (3) the execution of several search warrants in five separate locations in four different states, (4) the review of more than 100 electronic devices seized during the search warrants (5) the review of more than 80 boxes of documents seized form the search warrants, (6) the review of materials received from the issuance of more than 200 grand jury subpoenas. The bank fraud scheme alone spans nearly two decades and involves approximately 150-200 different properties

In addition to the inherent complexity due to the number of defendants and alleged criminal activity spanning many years and multiple jurisdictions, and the volume of discovery in this case exceeds six terabytes of materials.

The United States discovery production will be liberal and will include not only Rule 16 materials, *Brady* materials, *Giglio* materials, but also copies of witness statements, and criminal histories. The United States has marshalled evidence from multiple law enforcement agencies that participated in this investigation. The initial discovery disclosure will be made electronically and will require defense counsel to provide electronic storage devices capable of holding at least 10 terabytes of data.

On or about September 10, 2025, dozens of law enforcement officers conducted arrest operations throughout the Southern District of Georgia and elsewhere to arrest the defendants.

For reasons that include the volume of discovery, complexity of the case, and the number of defendants, the customary time limits set forth in the Speedy Trial Act

for cases not designated as "complex cases" are unduly restrictive here. Accordingly, the United States requests that the Court enter an Order designating this case as a "complex case," within the meaning of 18 U.S.C. § 3161(h), and declaring that the ends of justice warrant excluding all time from computation under the Speedy Trial Act from the date of this filing until further Order of this Court.

This 10th day of September, 2025.

Respectfully submitted,

MARGARET E. HEAP
UNITED STATES ATTORNEY

*/s/ Patricia G. Rhodes*

_____
Patricia G. Rhodes
Assistant United States Attorney
GA Bar Number 307288