## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **CASE NO 1:25-CR-62** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FNU LNU** | ) | |
| **AKA RONY DENIS et al.** | ) | |

## <u>ORDER</u>

This matter is before the Court on the United States' Motion to Designate this Case Complex and to Exclude Time Under the Speedy Trial Act. In its Motion, the United States asks the Court to declare this case as unusual and complex under 18 U.S.C. § 3161(h)(7)(B) and, consequently, to exclude all time from the date the Motion was filed (September 11, 2025) until further order of the Court from computation under the Speedy Trial Act.

This case involves allegations that eight defendants. The United States alleges that the defendants are charged in various crimes relating to two fraud schemes in involving bank fraud and wire fraud, as well as tax charges. The indictment charges 26 separate counts. The United States asserts that the investigation included, among other things, (1) reviewing more than 175 bank accounts, (2) interviews of dozens and dozens of witnesses, (3) the execution of several search warrants in five separate locations in four different states, (4) the review of more than 100 electronic devices seized during the search warrants (5) the review of more than 80 boxes of documents seized form the search warrants, (6) the review of materials received from the

issuance of more than 200 grand jury subpoenas. The bank fraud scheme alone spans nearly two decades and involves approximately 150-200 different properties

The United States argues that this prosecution is inherently complex and warrants exclusion of time from the Speedy Trial Act computation due to that complexity.

After careful consideration, and for good cause shown, the Court **GRANTS** the Government's Motion and finds that the ends of justice served by designating this case as complex and excluding time under the Speedy Trial Act outweigh the best interest of the public and the Defendants in a speedy trial. In making this determination, the Court has considered both the nature of the prosecution, the number of defendants, and the volume and complexity of discovery involved in the case. The Court, therefore, concludes that absent a continuance under the Speedy Trial Act, it would be unreasonable to expect adequate preparation for trial or pretrial proceedings. The Court declares this case unusual and complex under 18 U.S.C. § 3161(h)(7)(B) and excludes all time from September 11th, 2025, until further order of the Court from computation under the Speedy Trial Act.

**SO ORDERED**, this _____ day of September, 2025.

_____
HONORABLE BRAIN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA