IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff,<br><br>vs.<br><br>FNU LNU, a/k/a RONY DENIS,<br>    Defendant. | Indictment: 1:25-CR-62-1-JRH-BKE |

## MOTION FOR REVOCATION OF DETENTION ORDER

Pursuant to 18 U.S.C. § 3145 (b), Reverend Denis moves for revocation of the September 29, 2025 detention order signed by U.S. Magistrate Judge Brian K. Epps.[1] Doc. 71. The basis for this motion is that release conditions can be imposed to reasonably assure both his appearance as required and the safety of any other person and the community. In support, Denis states as follows:

### ARGUMENT AND CITATIONS TO AUTHORITY

**I.  The detention order should be revoked because conditions can reasonably assure Denis's appearance as required and the safety of any other person and the community.**

"If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a

---

[1] This motion is timely because it was filed on or before November 3, 2025, the deadline as extended by Judge Epps's October 2, 2025 text order. *See* Docs. 76, 78 (discussing Fed. R. Crim. P. 59 (a)).

1

Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145 (b).  Subsection (b) is properly invoked because Judge Epps detained Denis on the government's motion,[1] finding serious risks of flight and of obstructing justice while on bail, Doc. 71 at 1, and that no set of conditions would reasonably assure his appearance and the safety of any other person or the community.  Doc. 71 at 3.

"District courts are required to review magistrate judges' detention orders *de novo*."  *United States v. Cropper*, 361 F. Supp.3d 1236, 1238 (N.D. Ala. 2019) (citing *United States v. Hurtado*, 779 F.2d 1467, 1481 (11th Cir. 1985)); *United States v. Gaviria*, 828 F.2d 667, 670 (11th Cir.1987).  "*[D]e novo* review requires the court to exercise independent consideration of all facts properly before it and to include written findings of fact and a written statement of the reasons for detention." *Id.*; *United States v. King*, 849 F.2d 485, 490 (11th Cir. 1988).

As the Eleventh Circuit described in *King*:

"At this point, the district court has two options."

> First, based solely on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing, the district court may determine that the magistrate's factual findings are supported and that the magistrate's legal conclusions are correct. *Id.* The court may then explicitly adopt the magistrate's pretrial detention order. Adoption of the order obviates the need for the district court to prepare its own

---

[1] As the detention order correctly noted, Denis's case does *not* implicate a presumption of detention.  § 3142 (e) (2)-(3), (f) (1); *see* Doc. 71 at 2 (not marking boxes A, B, or C).

2

written findings of fact and statement of reasons supporting pretrial detention.

But when a motion to revoke or amend a pretrial detention order attacks only the magistrate's legal conclusion that pretrial detention is necessary, and no factual issues remain unresolved, the district court need not enter findings of fact when adopting the magistrate's pretrial detention order. *Id.*

The second option allows the Court to acquire more evidence to make its detention determination. If the district court, after reviewing the detainee's motion, determines that additional evidence is necessary or that factual issues remain unresolved, the court may conduct an evidentiary hearing for these purposes. *Id.* In this instance, the district court must enter written factual findings and written reasons supporting its decision. *Id.*

Of course, if the district court concludes that the additional evidence does not affect the validity of the magistrate's findings and conclusions, the court may state the reasons therefor and then explicitly adopt the magistrate's pretrial detention order. *Id.* at 490-91.

Applied here, Denis challenges both the Magistrate Judge's factual findings as to flight risk, financial resources, and serious danger, as well as its conclusion that § 3142 (e) (1) applied through analysis of the § 3142 (g) factors.

Section 3142 governs the detention analysis. Under subsection (a), the Magistrate Judge had four options: (1) release on personal recognizance or unsecured appearance bond; (2) release on conditions, or a combination thereof; (3) temporary detention; and (4) detention "under subsection (e) of this section." *Id.* For subsection (e), however, "no condition or combination of conditions [can] reasonably assure the appearance of the person as required and the safety of any

3

other person and the community." § 3142 (e) (1). This finding must be based on consideration of the § 3142 (g) (1)-(4) factors (*i.e.,* the nature and circumstances of the allegations, weight of the evidence, history and characteristics of the person, and the dangerousness posed to the community by release). The Magistrate Judge erred in its subsection (g) assessment, and in making the subsection (e) (1) finding.

Over the September 17 and 26 hearings, Docs. 99 & 100, the government failed to prove by clear and convincing evidence that no combination of conditions would reasonably assure Denis's appearance and the safety of any other person or the community. As for factor (g) (1), the indictment does not allege a crime of violence, terrorism, minor victims, controlled substances, or explosives. *See* Doc. 1 at 1-39. The indictment alleges fraud and false tax returns, but Denis is named only in the count one bank-mortgage fraud conspiracy, in the count four Veterans Affairs wire fraud conspiracy, and in the counts twenty-four through twenty-six false tax return offenses,[2] all of which allege temporally remote conduct. *See* Doc. 1 at 14, 17 (describing overt act home mortgage applications in 2005, 2008, 2013 and 2014); *see also* Doc. 1 at 28-30 (House of Prayer Bible Seminary (HOBPS) exemption application in 2011, false VA certifications began in 2012); *see also* Doc. 1 at 35-37 (alleging false tax returns in 2019, 2020, 2021). According to the indictment, except for the three tax counts, the last overt act in the count one conspiracy specific to

---

[2] Substantive counts two, three, five through twenty-three do not name Denis. Doc. 1 at 33-34. Count four describes no overt act attributable to Denis.

Denis occurred in 2006, almost twenty-years ago. And count four describes no specific act attributable to Denis. The age of these allegations, and the sparce particulars alleging specific acts by Denis, did not support the order's finding that Denis posed a ***present*** danger via his alleged criminal conduct.

For factor (g) (2), the Magistrate Judge found that evidence against Denis was strong, but this finding was based upon the government's conflation of the alleged fraud involving the Bible Seminary (alleged VA wire fraud – counts four through twenty-three) with the Denis' role in the House of Prayer of Christian Churches of America (HOPCC). *See* Doc. 100 at 47-48. Denis may have led the HOPPC, but he did not control the Bible Seminary. The government's evidence at the detention hearing failed to prove that Denis oversaw the Bible Seminary. Indeed, substantive counts two and three (bank-mortgage fraud), and five through twenty-three (VA wire fraud) do not even name Denis.

Factor (g) (3) weighed in favor of release[3] because Denis has significant ties to the Southern District of Georgia—he owns a valuable home in Martinez, Georgia and has resided and worked in this district for over twenty-years. He is currently a naturalized U.S. citizen, after being honorably discharged from military service. *See* Doc. 100 at 37-40 (detention hearing argument on flight risk). Denis has maintained substantial positive involvement with the HOPCC throughout this District, including

---

[3] Denis is not on probation, parole, or pretrial release for another case, and there was no record of failure to appear, drug or alcohol abuse, or mental health issues.

multiple mission trips, as depicted by Defense Exhibits 2-6. Docs. 81-2 – 81-6. Despite the government's religious vilification and denigration of the HOPCC and its unconventional methods, many congregation members attended this hearing to support the legitimacy of HOPCC and its mission. *See* Doc. 100 at 45: 2-12.

The Magistrate Judge clearly erred in its factual findings that Denis had "[q]uestionable legal status" in the United States and was "potentially subject to removal or deportation." Doc. 71 at 3. Denis is a naturalized citizen. Since the first Civil Investigative Demand (CID) in 2019 – and after receiving notice of this criminal investigation in 2022 – Denis has not attempted to flee and instead, has retained undersigned counsel Sadow to defend him.

The government's passing suggestion of denaturalization should hold no weight. No such action is pending, despite a 2012 immigration investigation into Denis. Even in a vacuum, the government's proffered theory does not meet the "heavy burden of proof" that Denis's naturalization was illegally procured. *See generally United States v. Jean-Baptiste*, 395 F.3d 1190, 1192 (11th Cir. 2005) (citing *Fedorenko v. United States*, 449 U.S. 490, 505 (1981) and explaining "the government bears a heavy burden of proof in denaturalization proceedings, and a court should only revoke citizenship if the government presents clear, unequivocal, and convincing evidence establishing that citizenship was illegally procured.").

The Magistrate Judge clearly erred in its finding that Denis "posed a serious risk of flight in light of his fake identity and potential access to a large amount of funds." Doc. 71 at 3-4.  At the detention hearing (and counsel's pre-hearing requests notwithstanding), the government failed to produce evidence showing that Denis had present liquidity to flee.  Doc. 100 at 39-40.  The Magistrate Judge's oral finding that it did not "know exactly how much of that [money] exists and where it is right now" supported the opposite conclusion—the government had not "clearly and convincingly" shown that Denis had financial resources to flee from strenuous conditions of release.  *See* Doc. 100 at 75.

The government advanced vague arguments that speculated liquidity from the number of *accounts* examined during the investigation.  But there was no evidence of personal funds available to Denis.  Correctly applying the "clear and convincing" standard, that evidentiary void must be resolved against the government.

The government's assumptions as to Denis's financial resources rested on pre-2020 transactions for which the funds were long ago lawfully used to acquire property.  The rent from the income-producing property owned by Denis is earmarked for mortgage payments and debt service—this is not personal income.  Flight was further implausible because Denis's Haitian and United States passports were surrendered by consent as a condition of release.  Docs. 84; 100 at 37.  Simply

7

stated, the Magistrate Judge erred when it inferred a ***present*** flight risk from Denis's claimed 40-year-old use of a pseudonym.

Any inference regarding Denis's financial resources supported the *opposite* finding that conditions *could* reasonably assure his appearance. Hearing evidence showed that Denis's available financial resources primarily consist of appreciable real estate assets. Specifically, real property equity. In his argument opposing subsection (e) (1) and requesting pretrial home confinement, Denis agreed to secure his bond with over five million dollars of real property equity: the entirety of Denis's property investments, and forfeit all of the real estate collateral for *ANY* violation of release conditions, not simply a failure to appear. *See* Doc. 100 at 41-45. Given that the vast majority – if not *all* – of Denis's assets are in real estate, it is highly likely that this substantial equity pledge would reasonably assure Denis's compliance with whatever strict release conditions imposed by the court.

Finally, the evidence did not prove clearly and convincingly that Denis presently posed a serious danger to intimidate witnesses or any other person or the community. § 3142 (g) (4). While the government proffered that ex-HOPCC members expressed safety concerns, no evidence was proffered that Denis ever actually attempted to harm them. And keep in mind that the government's specific mortgage fraud allegations against Denis are nearly twenty-years old, and there was

no proffer that Denis had any specific involvement with mortgage fraud activity from the 2022 CID until the present. *See* Doc. 100 at 71-72.

Though the order found from the government's proffer that Denis had allegedly tyrannized (prior to 2019) his own congregation members for his own self-enrichment, Doc. 71 at 4, an over-flowing crowd (two courtrooms full and others outside the courthouse) of congregation members attended the hearing to support Denis's release. Moreover, and significantly, Denis has not been charged for crimes against any member of HOPCC.

Therefore, because the Section 3142 (g) factors militated for release, the Magistrate Judge erred in its conclusion that clear and convincing evidence showed that no set of conditions could reasonably assure both Denis's appearance and the safety of any other person and the community. The threshold condition of 3142 (e)(1) was not proven.

Accordingly, this Court on *de novo* review should reject the Magistrate Judge's clearly erroneous factual findings as to flight risk, Denis's present liquidity, and revoke the order for pretrial detention. Denis's substantial equity pledge, together with strenuous home confinement conditions, including limitations on his contact with HOPCC congregants, past and present, and potential witnesses, are sufficient to assure Denis's appearance for trial and the safety of any other person and the community. *See United States v Azmat*, 4:13-CR-28, doc. 78 (S.D. Ga. May

9, 2013) (Judge Moore) (revoking detention order and releasing defendant pretrial subject to conditions).

## CONCLUSION

For the foregoing reasons, Reverend Rony Denis respectfully requests this Court **REVOKE** the Magistrate Judge's order of detention and **SET CONDITIONS OF RELEASE** that will assure Denis's appearance at trial and the safety of any other person and the community.

                                                                                            Respectfully submitted,

                                                                                            */s/ Steven H. Sadow*
                                                                                            STEVEN H. SADOW
                                                                                            Lead Counsel for Defendant

260 Peachtree Street, N.W.
Suite 2502
Atlanta, Georgia 30303
404-577-1400
stevesadow@gmail.com

                                                                                            */s/ David M. Stewart*
                                                                                            CROWDER STEWART LLP
                                                                                            Counsel for Defendant

540 James Brown Boulevard
Post Office Box 160
Augusta, Georgia 30903
706-434-8799
david@crowderstewart.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system that will automatically send e-mail notification of such filing to all parties of record.

*/s/ Steven H. Sadow*
STEVEN H. SADOW