IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 125-062 |
| | * | |
| FNU LNU a/k/a RONY DENIS | * | |

**O R D E R**

Pursuant to 18 U.S.C. § 3145(b), Defendant FNU LNU a/k/a Rony Denis has filed an appeal from the United States Magistrate Judge's September 29, 2025 Detention Order. After an independent and *de novo* review of the entire record and relevant law, the Court finds that detention is appropriate and therefore affirms the Detention Order.

**I.   LEGAL STANDARD**

When the Government seeks to detain a defendant pending trial under the Bail Reform Act, the Court must determine whether any "condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). A hearing for that purpose will be conducted upon motion of the Government in a case that involves "a serious risk that such person will flee" or "a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a

prospective witness or juror." 18 U.S.C. § 3142(f)(2)(A)-(B). The Government bears the burden of demonstrating a serious risk of flight by a preponderance of the evidence. United States v. Medina, 775 F.2d 1398, 1402 (11th Cir. 1985). The burden for proving that no condition or combination of conditions will reasonably assure the safety of others or the community is by clear and convincing evidence. Id.

This Court's review of the Magistrate Judge's decision is *de novo*. United States v. Hurtado, 779 F.2d 1467, 1481 (11th Cir. 1985) (stating the district court "is not constrained to look for abuse of discretion or to defer to the judgment of the prior judicial officer" when reviewing detention decisions). The Court considers the following relevant factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against Defendant; (3) the history and characteristics of Defendant, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and (4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release. 18 U.S.C. § 3142(g).

The Court may conclude that additional evidence is necessary and conduct its own evidentiary hearing. United States v. King,

2

849 F.2d 485, 490 (11th Cir. 1988). Here, the record is complete, and another hearing is unnecessary.

## II. DISCUSSION

In his motion to revoke the Magistrate Judge's Detention Order, Defendant argues the Magistrate Judge erred in his factual findings as to "flight risk, financial resources, and serious danger," as well as in his conclusion that no condition or combination of conditions will reasonably assure Defendant's appearance as required and the safety of any other person and the community. (Doc. 109, p. 3.) The government opposes this motion. (Doc. 115.) Upon careful, *de novo* consideration of the detention hearing transcripts, exhibits, the Magistrate Judge's Detention Order, and the parties' arguments, the Court agrees with the Magistrate Judge's factual findings and legal conclusions.

First, upon thorough consideration of the § 3142(g) factors, the Court finds by a preponderance of the evidence that Defendant is a serious flight risk. Detailed testimony by United States Citizenship and Immigration Services Officer Todd A. Card, coupled with accompanying exhibits, make clear Defendant has been operating under a false identity throughout the duration of his time in the United States, and his true identity remains a mystery today. (See generally doc. 83.) As the Magistrate Judge aptly stated, because Defendant "appeared out of the mist," he "can disappear back into it pretty easily as well." (Doc. 100, p. 74.)

3

Further, there is ample evidence that Defendant has significant financial resources. The government described by proffer myriad illegal financial transactions totaling millions of dollars that directly benefitted Defendant, as well as Defendant's extensive property ownership. (Doc. 99, pp. 153-163; doc. 100, pp 10-12.) Also, the strong weight of the evidence against Defendant, when considered alongside his older age and the lengthy potential maximum penalties, weigh in favor of him being a serious flight risk.

In sum, the government has established by a preponderance of the evidence that he is a serious flight risk, and thus the Court finds no condition or combination of conditions, absent pretrial detention, can reasonably assure his presence.

Although the Court agrees with the government that Defendant's serious risk of flight alone establishes detention is warranted here, (doc. 115, p. 10), the Court further concludes after analysis of the § 3142(g) factors that the government has met its burden to show Defendant poses a serious risk of obstructing justice and dangerousness. The government presented significant, detailed evidence revealing Defendant's immense influence over, and repeated manipulation of, House of Prayer Christian Church members, including co-Defendants, as well as his extensive history of fraudulent, obstructive, and violent behavior. (Doc. 100, pp. 12-35; docs. 83-9, 83-10, 83-11, 83-12,

4

83-13, 83-14, 83-15, 83-16, 83-17, 83-18.) Therefore, the Court concludes by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the unobstructed administration of justice, and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons or the community.

### III. CONCLUSION

For these reasons, the Magistrate Judge correctly found Defendant should be detained pending trial. Though Defendant attempts to paint a different picture of himself in his motion, the picture the government painted is far more persuasive and well-supported. Thus, the Court **DENIES** Defendant's motion for revocation of the detention order, (doc. 109), and **AFFIRMS** the Magistrate Judge's September 29, 2025 Detention Order, (doc. 71).

**ORDER ENTERED** at Augusta, Georgia, this 10th day of December, 2025.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA