IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.   ) | Case No.: 1:25-CR-62 |
| ) | |
| FNU LNU   ) | |
|   aka Rony Denis, et al.   ) | |
| ) | |
|   Defendant.   ) | |

**GOVERNMENT'S NOTICE OF SUMMARY AND EXPERT WITNESS TESTIMONY**

Now comes the United States of America, by and through Margaret E. Heap, United States Attorney for the Southern District of Georgia, and hereby gives notice pursuant to Fed. R. Crim. P. 16(a)(1)(G) that it intends to use the following summary and expert witness, Internal Revenue Service ("IRS") Revenue Agent Donna Temmel ("RA Temmel"), at trial in its case-in-chief regarding Counts 24-26 (the Title 26 charges). The United States reserves the right to supplement and/or correct this disclosure if appropriate. *See* Fed. R. Crim. P. 16(a)(1)(G)(vi).

In filing this notice, the United States does not contend or concede that any portion of the testimony described below necessarily qualifies as expert testimony under Federal Rule of Evidence 702 or implicates the disclosure requirements of Federal Rule of Criminal Procedure 16(a)(1)(G), Federal Rule of Evidence 702, or *Daubert v. Merrell Down Pharms., Inc.*, 509 U.S. 579 (1993). Nonetheless, the United States provides this notice in the event the Court concludes that any portion of RA Temmel's testimony constitutes expert testimony.

The Federal Rules of Evidence provide for the admission of expert testimony

1

when "scientific, technical, or other specialized knowledge will assist the trier of fact." Fed. R. Evid. 702. Pursuant to Rule 702, a witness, "qualified as an expert by knowledge, skill, experience, training, or education may testify . . . in the form of an opinion or otherwise." *Id.*

Expert testimony is admissible if it is both relevant and reliable, *Daubert,* 509 U.S. at 589,[1] and where it is "the kind that enlightens and informs lay persons without expertise in a specialized field." *United States v. Burchfield*, 719 F.2d 356, 357-58 (11th Cir. 1983). To ensure these elements are present, the trial judge serves as a "gatekeeper." *United States v. Majors*, 196 F.3d 1206, 1215 (11th Cir. 1999) (citing *Daubert*, 509 U.S. at 591-95). "'[F]ederal district courts . . . perform [this] important gatekeeping function by screening the reliability of all expert testimony, but they have substantial discretion in deciding how to test an expert's reliability and whether the expert's relevant testimony is reliable.'" *Majors*, 196 F.3d at 1215 (quoting *Forklifts of St. Louis, Inc. v. Komatsu Forklift, USA, Inc.,* 178 F.3d 1030, 1034 (8th Cir.1999); citing *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147-53 (1999),.[2]

### The Revenue Agent's Summary Witness Testimony

Unless the Court determines otherwise, the United States intends to call IRS RA

---

[1] In *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court confirmed that *Daubert's* gatekeeping obligation extends to beyond scientific experts to all of the expert matters described in Rule 702. *Kumho Tire*, 526 U.S. at 149; *United States v. Paul*, 175 F.3d 906, 910 (11th Cir. 1999) (holding that the trial judge is required to inquire into the areas of relevance and reliability whether the expert testimony is "scientific" or otherwise)).

[2] A district court's decision to admit or exclude expert testimony under Rule 702 is reviewed for abuse of discretion. *General Elec. Co. v. Joiner*, 522 U.S. 136 (1997); *United States v. Gilliard*, 133 F.3d 809, 812 (11th Cir.1998).

Donna Temmel as a summary witness in its case-in-chief.[3] RA Temmel is a licensed Certified Public Accountant ("CPA") and IRS Revenue Agent. A copy of her curriculum vitae is attached as Exhibit A. RA Temmel has signed the attached disclosure (Exhibit B). *See* Fed. R. Crim. P. 16(a)(1)(G)(v).

RA Temmel will be present during the trial and will provide an analysis of the testimony and bank, financial, tax records and schedules introduced into evidence, explaining to the jury the federal tax consequences of the defendant's underreporting of income on his tax returns, including the amount of underreported income, the nature of that income, and the tax due and owing on that underreported income. RA Temmel will apply the Internal Revenue Code to the evidence introduced in this case as it relates to defendant's obligations to file accurate returns and pay taxes. She will explain what specific income items were not reported on the tax returns. The tax computations and summaries will be based upon application of the Internal Revenue Code to the evidence presented during trial, including witness testimony, bank records, tax returns, return preparer workpapers, and other documents. To assist the jury in its examination of defendant's records and tax returns and the tax consequences of his underreporting income to the IRS, the United States anticipates that RA Temmel's testimony may cover the following topics:

- The cash method of accounting was used in the analysis of the defendant's financial records and tax records.

- The specific item method of proof was used in calculating defendant's unreported income.

- Calculating defendant's unreported income, the correct amount of income defendant should have reported to the IRS, and the correct amount of taxes defendant should

---

[3] RA Temmel has not previously testified as an expert or been deposed as an expert. RA Temmel has not authored any publications in the last ten years.

have reported and paid to the IRS

- The tax returns that defendant filed with the IRS.

- The information that defendant provided and did not provide to his return preparers.

- RA Temmel will introduce and explain Fed. R. Evid. 1006 summary schedules regarding voluminous bank records and other evidence, which will be provided to the defense before trial. These schedules are listed under the Appendices section of the IRS Special Agent's report.

An IRS summary witness may appropriately testify as to what the Government's evidence showed. *United States v. King*, 616 F.2d 1034, 1041 (8th Cir. 1980) (testimony of summary witness may be received so long as it is based upon the evidence in the case and the witness is available for cross-examination.). The Eighth Circuit has upheld the use of summary witness testimony, especially in tax and tax-related cases. *See, e.g.*, *United States v. Ellefsen*, 655 F.3d 769, 780 (8th Cir. 2011). "Testimony by an IRS agent that allows the witness to apply the basic assumptions and principles of tax accounting to particular facts is appropriate in a tax evasion case." *See United States* v. *Stierhoff*, 549 F.3d 19, 27-28 (1st Cir. 2008) (discussing and affirming summary testimony by an IRS revenue agent). "The key to admissibility is that the summary witness's testimony does no more than analyze facts already introduced into evidence and spell out the tax consequences that necessarily flow from those facts." *Id.* at 27-28; *see also United States* v. *Pree*, 408 F.3d 855, 869 (7th Cir. 2005) ("It is well established that the nature of a summary witness' testimony requires that he draw conclusions from the evidence presented at trial." (internal quotation marks omitted)); *United States* v. *Moore*, 997 F.2d 55, 58 (5th Cir. 1993) ("As a summary witness, an IRS agent may testify as to the agent's

4

analysis of the transaction which may necessarily stem from the testimony of other witnesses.").

The United States does not intend to qualify RA Temmel as an expert witness.[4] An IRS agent need not be qualified as an expert witness to testify as a summary witness, particularly when the tax calculations are straightforward and transparent. *See Stierhoff*, 549 F.3d at 28; *see also United States* v. *Serafino*, 281 F.3d 327, 331 (1st Cir. 2002) (remarking that a jury would not regard IRS agent's "number-crunching" as an expert opinion, but rather as an objective rendition of the evidence); *Pree*, 408 F.3d at 869 ("When a summary witness simply testifies to what the Government's evidence shows, he does not testify as an expert witness."). RA Temmel's testimony will consist of straightforward tax calculations that stem from the testimony of other witnesses and admitted documentary evidence. RA Temmel will not offer an opinion or draw on some special skill, knowledge, or experience that the jurors themselves do not possess, nor will she offer an opinion on defendant's state of mind. Therefore, her testimony is admissible as non-expert summary testimony. *See Stierhoff*, 549 F.3d at 28.

## Conclusion

WHEREFORE, the United States requests that the Court permit the above-listed witness to testify as a summary witness and alternatively, as a summary expert witness pursuant to Fed.R.Evid. 702, subject to the government laying the proper evidentiary foundations at trial.

---

[4] Unless the Court determines otherwise.

Respectfully submitted, this 29th day of December, 2025.

                                      MARGARET E. HEAP
                                      UNITED STATES ATTORNEY

                                      ***s/ George J.C. Jacobs, III***
                                      George J.C. Jacobs, III
                                      Assistant United States Attorney
                                      District of Columbia Bar No. 419016
                                      P.O. Box 2017
                                      Augusta, GA  30903
                                      (706) 826-4534

## **CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

Respectfully submitted, this 29th day of December 2025.

                                          MARGARET E. HEAP
                                        UNITED STATES ATTORNEY

                                        ***s/ George J.C. Jacobs, III***
                                        George J.C. Jacobs, III
                                        Assistant United States Attorney
                                        District of Columbia Bar No. 419016
                                        P.O. Box 2017
                                        Augusta, GA  30903
                                        (706) 826-4534