IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.                                                 ) | Case No.:  1:25-CR-62 |
| ) | |
| FNU LNU                                       ) | |
|    aka Rony Denis, et al.                 ) | |
| ) | |
|            Defendant.                        ) | |

**GOVERNMENT'S NOTICE OF EXPERT WITNESS TESTIMONY**

Now comes the United States of America, by and through Margaret E. Heap, United States Attorney for the Southern District of Georgia, and shows as follows:

Pursuant to Fed. R. Crim. P. 16(a)(1)(G), the government provides notice to the defense that it expects to call as a witness, Craig Hellmann from the Department of Homeland Security (hereinafter "DHS"), U.S. Immigration and Customs Enforcement (hereinafter "ICE"), Homeland Security Investigations (hereinafter "HSI"), Forensic Laboratory to testify pursuant to Fed. R. Evid. 702-705 at the trial of the above-referenced case.

**Expert**

Mr. Hellmann is presently employed with the DHS, ICE, HIS, Forensic Laboratory (hereinafter "Laboratory") as a Senior Fingerprint Specialist. Based on Mr. Hellmann's training and experience, he is qualified to opine as to a key issue with respect to this case. Based upon his training and experience, he can provide the opinion that the certain fingerprint impressions from the exhibit he received in this case were made by the same individual, as further described in his written reports.

1

The government hereby gives notice of its intention to call him as an expert at trial to render this opinion.

Examination of Prints

Mr. Hellmann will testify as to his education, training, and experience in the field of latent fingerprint examination which qualify him as an expert. He will testify that he is trained and qualified to examine and compare latent fingerprints. He will testify regarding the terminology and methods used in conducting fingerprint examinations and analysis, including how latent prints are developed and comparisons are made.

Mr. Hellmann will testify that he received, analyzed, and identified exhibits that were submitted to him as evidence in the above captioned case. He will testify regarding how he received these items, how he conducted his examinations, and what his conclusions were. Specifically, Mr. Hellmann will testify that he analyzed DHS Exhibits:

1.1 - Fingerprint card bearing fingerprint impressions and the name Denis, Rony, A# 024 708 198, DOB 8/23/1959;

2.1 - DOD fingerprint card bearing fingerprint impressions and the name Denis, Rony, Service#/SSN 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, dated 9/29/1983;

3.1 - Fingerprint card bearing fingerprint impressions and the name Denis, Rony, SSN 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, dated 4/7/1987;

4.1 - FD-936, Request For National DNA Database Entry for Rony Denis, DOB 8/24/1963, dated 9/10/2025 with fingerprint impressions thereon; and

4.2 - Fingerprint printout bearing fingerprint impressions and the name Rony

Denis, FBI# WX73L9D5N, dated 9/10/2025.

Mr. Hellmann will opine that the fingerprint impressions appearing on Exhibits 2.1, 4.1, and 4.2 were visually examined and identified as being made by the same individual. Further, the fingerprint impressions appearing on Exhibit 2.1 were made by a different individual than those appearing on Exhibits 1.1 and 3.1.

A. <u>Qualifications</u>

A copy of Mr. Hellmann's CV is attached as Exhibit A. Mr. Hellmann has not authored any publications in the last 10 years. Within the past four years, Mr. Hellmann has testified as an expert witness in Latent Print Processing, Examination, and Comparison in the following cases:

| Name | Case Number | Location | Date |
|---|---|---|---|
| Arizona v. Nicola Parise | CR2107-001905-001 | Maricopa County | April 2021 |
| United States v. Faruk Alam | 087329451 | Van Nuys Immigration Court | December 2023 |
| United States v. Sergio Alberto-Rogriguez | 1:24-CR-56 | Eastern District of Virginia | May 2024 |
| United States v. Harshkumar Ramanlal Patel, et.al. | 22-CR-40 | District of Minnesota | November 2024 |
| United States v. Euclides David Vazquez Hernandez | 2:25-CR-233 | Southern District of Texas | July 2025 |

B. <u>Expert Witness Signed Approval</u>

Mr. Hellmann has signed reports detailing his opinions which were previously provided in discovery to defense counsel, obviating the need for them to sign this disclosure. *See* Fed. R. Crim. P. 16(a)(1)(G)(v).

**Memorandum of Law and Citations to Authority**

The Federal Rules of Evidence provide for the admission of expert testimony when "scientific, technical, or other specialized knowledge will assist the trier of fact." Fed. R. Evid. 702. Pursuant to Rule 702, a witness, "qualified as an expert by knowledge, skill, experience, training, or education may testify . . . in the form of an opinion or otherwise." *Id.*

Expert testimony is admissible if it is both relevant and reliable, *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993)[1], and where it is "the kind that enlightens and informs lay persons without expertise in a specialized field." *United States v. Burchfield*, 719 F.2d 356, 357-58 (11th Cir. 1983). To ensure these elements are present, the trial judge serves as a "gatekeeper." *United States v. Majors*, 196 F.3d 1206, 1215 (11th Cir. 1999) (citing *Daubert*, 509 U.S. at 2796-97). "'[F]ederal district courts . . . perform [this] important gatekeeping function by screening the reliability of all expert testimony, but they have substantial discretion in deciding how to test an expert's reliability and whether the expert's relevant testimony is reliable.'" *Majors*,

---

[1] In *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court confirmed that *Daubert's* gatekeeping obligation extends to beyond scientific experts to all of the expert matters described in Rule 702. *Kumho Tire*, 526 U.S. 149; *United States v. Paul*, 175 F.3d 906, 910 (11th Cir. 1999) (holding that the trial judge is required to inquire into the areas of relevance and reliability whether the expert testimony is "scientific" or otherwise)).

196 F.3d at 1215 (quoting *Forklifts of St. Louis, Inc. v. Komatsu Forklift, USA, Inc.,* 178 F.3d 1030, 1034 (8th Cir.1999); citing *Kumho Tire*, 526 U.S. at 1174-76).[2]

## Conclusion

WHEREFORE, the government requests that the Court permit the above-listed witness to testify pursuant to Fed.R.Evid. 702, subject to the government laying the proper evidentiary foundations at trial.

Respectfully submitted, this 29th day of December 2025.

       MARGARET E. HEAP
       UNITED STATES ATTORNEY

       ***s/ Patricia Green Rhodes***
       Patricia Green Rhodes
       Assistant United States Attorney
       Chief, Criminal Division
       Georgia Bar No. 307288
       P.O. Box 2017
       Augusta, GA  30903
       (706) 826-4534

---

[2] A district court's decision to admit or exclude expert testimony under Rule 702 is reviewed for abuse of discretion. *General Elec. Co. v. Joiner*, 522 U.S. 136 (1997); *United States v. Gilliard*, 133 F.3d 809, 812 (11th Cir.1998).

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

Respectfully submitted, this 29th day of December 2025.

                                        MARGARET E. HEAP
                                        UNITED STATES ATTORNEY

                                        ***s/ Patricia Green Rhodes***
                                        Patricia Green Rhodes
                                        Assistant United States Attorney
                                        Chief, Criminal Division
                                        Georgia Bar No. 307288
                                        P.O. Box 2017
                                        Augusta, GA  30903
                                        (706) 826-4534