**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cr-00062-JRH |
| | ) | |
| DAVID REIP, | ) | |
| Defendant. | ) | |

**DEFENDANT DAVID REIP'S MOTION TO STRIKE SURPLUSAGE AND INCORPORATED MEMORANDUM OF LAW**

Defendant David Reip, through undersigned counsel, moves under Federal Rule of Criminal Procedure 7(d) to strike the specific language identified below from the Indictment, Doc. 3, insofar as it is alleged against him in Counts One through Three. The challenged language imports accusations of unrelated identity and citizenship misconduct, religious and personal coercion, and an inflammatory characterization of a witness's departure into the bank-fraud charges. This motion concerns the indictment to be used in the joint trial before one jury. Reip requests targeted deletions, corresponding limits on incorporation into his counts, and a Court-approved indictment copy or summary that implements those rulings while retaining the charges against his codefendants. If a ruling is deferred, he requests appropriate protection against premature presentation of the disputed language.

## I. The allegations and incorporation provisions define the requested relief

The grand jury returned the Indictment on September 4, 2025. Count One charges Reip with conspiracy to commit bank fraud; Counts Two and Three charge him with substantive bank fraud and aiding and abetting in connection with the Wells Fargo mortgage on 801 Krebs Lane. Doc. 3 ¶¶ 32–33, 115–130, at 7, 19–22. Reip is not a named defendant in the VA wire-fraud conspiracy, the substantive

Case 1:25-cr-00062-JRH Document 225 Filed 09/29/26 Page 2 of 13

wire-fraud counts, or the false-tax-return counts. Doc. 3 ¶¶ 156, 181, 183, 185, 187, at 28, 33–37. The tax counts charge Denis alone.

The incorporation language matters. Paragraph 32 incorporates introductory paragraphs 1–31 into Count One. Paragraphs 115 and 123 incorporate paragraphs 1–50 and 86–106 into Counts Two and Three. Thus, the entire introductory narrative is repeated as part of every count against Reip. By contrast, the later VA allegations, paragraphs 131–181, and tax allegations, paragraphs 182–187, are not incorporated into those bank counts. This motion challenges specific allegations and requests appropriate jury-copy redactions; it does not ask the Court to dismiss another defendant's charged offense under the label of surplusage.

The bank allegations describe straw purchases, false loan information, unauthorized or forged powers of attorney, transfers to limited liability companies, mortgage payments, rental proceeds, and loan modifications. Doc. 3 ¶¶ 34–50, 51–130, at 8–22. Reip disputes the charges, but recognizes the difference between allegations describing the asserted bank scheme and allegations inviting condemnation of the church or its members for unrelated conduct. The requested deletions preserve the charged bank transactions and the Government's factual allegations concerning how those transactions allegedly occurred.

## II. Rule 7 requires a particularized showing of irrelevance and prejudice

Rule 7(c)(1) requires a plain, concise, and definite statement of the essential facts constituting the offense. Rule 7(d) provides: "Upon the defendant's motion, the court may strike surplusage from the indictment or information." The 1944 Advisory Committee Note explains that the provision protects defendants against immaterial or irrelevant allegations that may nevertheless be prejudicial.

The controlling standard is demanding: it must be clear that the challenged allegations are irrelevant to the charge and are inflammatory and prejudicial.

*United States v. Awan*, 966 F.2d 1415, 1426 (11th Cir. 1992). Reip does not contend that an allegation must be stricken simply because it is unnecessary to recite a statutory element, refers to another defendant, or describes a transaction in which Reip is not individually named. The question is whether the challenged language bears on the charged scheme and, if it does not, whether it creates the prohibited prejudice.

That prejudice includes inviting a jury to confuse separate accusations or decide guilt on an inflammatory narrative rather than the charged conduct. Awan relies on *United States v. Bullock,* 451 F.2d 884, 888 (5th Cir. 1971), which recognized the danger that unnecessary indictment language could inflame the jury, confuse the issues, and blur the elements of separate counts. *Bullock* nevertheless rejected the surplusage challenge before it; the danger must be demonstrated for the particular language challenged here.

Deleting surplus allegations is permissible when the charged offense remains fully stated and the deletion does not broaden the possible bases for conviction. *United States v. Augustin,* 661 F.3d 1105, 1116–17 (11th Cir. 2011). That principle addresses the permissible scope of a deletion; it does not dispense with *Awan*'s requirements. The requested relief satisfies both principles by identifying the offending words and leaving the operative bank-fraud allegations intact.

## III. The Court should strike the specified language from the allegations against Reip

### A. Denis's identity and citizenship history adds an unrelated accusation of dishonesty

Reip requests deletion of paragraphs 1 and 2, and the first sentence of paragraph 3, from the introductory allegations incorporated into Counts One through Three. Doc. 3 at 1–2. Paragraph 1 alleges that Denis "stole the identity of" Rony Denis in 1983. Paragraph 2 describes his marriage to a United States citizen

and his later citizenship application using the allegedly stolen identity. The first sentence of paragraph 3 alleges that he has presented himself as Rony Denis since 1983 and that his true identity remains unknown.

These historical assertions do not identify a false statement in a charged mortgage application, an unauthorized signature of a borrower, or any conduct by Reip. The detailed bank allegations separately specify the asserted misuse of straw buyers' names, signatures, and powers of attorney. Doc. 3 ¶¶ 36–45, 51–114, at 8–18. Although paragraphs 78–79 identify Denis as a purchaser and seller in the 707 Madison transaction, they do not allege that the asserted theft of his own identity in 1983 or his citizenship history supplied the deception by which the charged bank funds were obtained. Reip seeks to retain those property transactions while excluding the unrelated historical accusation.

The prejudice is concrete. Coupled with the allegations that Reip was part of Denis's core group and conspired with him, the identity narrative invites the inference that Reip knowingly served a person whose entire identity and citizenship rested on fraud. Doc. 3 ¶¶ 16, 33. That inference substitutes guilt by association with alleged prior dishonesty for proof of Reip's knowing participation in the bank scheme. A neutral reference to Denis identifies the alleged participant without that accusation.

If the Court finds the historical identity narrative irrelevant to all charges being tried, Reip further requests that the common jury copy use "RONY DENIS" or the defined term "DENIS," omitting the associated "FNU LNU," "FIRST NAME UNKNOWN, LAST NAME UNKNOWN," and "aka" descriptors, including in the caption and paragraph 33. This does not request a change to the Court's administrative identification of another defendant. If the Court finds the allegations relevant to another charge but irrelevant to the bank scheme and any other proper purpose against Reip, he requests exclusion from the bank-count incorporation as

applied to him and a corresponding limiting instruction. The common jury copy must preserve any identification or factual allegation the Court finds necessary to a surviving charge.

**B. The introductory narrative condemns religious and personal practices without identifying their connection to the bank transactions**

Reip requests the following specific deletions from paragraphs 15–31, as incorporated into his counts. Paragraph references and page numbers below refer to Doc. 3. Where the Court finds language relevant only to another defendant's charge and irrelevant to the charges or proper proof against Reip, he requests exclusion from the bank-count incorporation as applied to him, with that limit made clear to the jury. Allegations necessary to prosecute the other charge would remain. The requested relief is narrower than deletion of the entire range.

1. Paragraph 15, page 4: strike "and indoctrination." The remaining sentence identifies the location of HOPCC sites near military installations and the recruitment of military members. "Indoctrination" adds an accusatory characterization of religious recruitment without identifying a bank representation or act advancing the mortgage scheme.
2. Paragraph 20, page 4: strike the paragraph alleging that all eight defendants "exercised extreme control and manipulation" over HOPCC members and HOPBS attendees. This collective characterization expressly includes Reip but identifies no transaction, statement, document, or particular act by him. The remaining bank allegations already identify the concrete directions, signatures, transactions, and account activity upon which the Government relies.
3. Paragraph 21, pages 4–5: exclude from incorporation into Reip's bank counts the paragraph alleging that church members were directed to attend the seminaries and use military benefits, and identifying Robertson, Garcia, and Labat as

seminary operators. Its factual allegations concern the educational-benefits activity addressed in the VA counts and may remain for those charges. It alleges no connection between those enrollment directions and the bank scheme. Incorporating it immediately after paragraph 20 invites the jury to attribute the alleged exploitation of veterans' education benefits to Reip without alleging his participation in that scheme.

4. Paragraphs 22 and 25, page 5: strike only the introductory words "As part of the control and manipulation," and retain each paragraph's remaining factual allegations. Paragraph 22 concerns Oloans's possession of members' identifying information; paragraph 25 concerns housing in properties purchased through straw buyers and the resulting rents. Those factual allegations may bear on the bank theory. The repeated accusatory label adds a generalized judgment about the church to facts that can stand on their own.
5. Paragraph 23, page 5: strike the paragraph alleging that defendants had members sign "Non-Disclosure Agreements." The paragraph does not identify the subject of an agreement or connect one to a mortgage, power of attorney, loan modification, or concealment of the charged bank conduct. In its present context, it suggests a secretive and coercive religious organization. If a particular agreement is asserted to conceal bank fraud, its connection can be evaluated on a specific proffer.
6. Paragraph 24, page 5: strike the paragraph alleging that Denis "arranged marriages and orchestrated divorces" among church members. It alleges no use of a marriage or divorce to obtain the bank funds charged here. Its evident tendency is to invite disapproval of Denis's intrusion into intimate relationships and to transfer that disapproval to his alleged associates, including Reip.
7. Paragraph 26, page 5: strike the paragraph concerning virtually daily gatherings and permission to be absent. It alleges attendance rules, not an instruction to

execute a loan document or participate in a bank transaction. As pleaded, the allegation encourages a verdict about intrusive church governance rather than bank fraud.

8. Paragraph 27, page 5: strike the paragraph concerning recruitment of military personnel through "soul winning." The retained portion of paragraph 15 already identifies military recruitment. Paragraph 27 adds a religious label and the recurring accusation of control and manipulation, without alleging how that practice furthered a charged mortgage transaction.

9. Paragraph 28, pages 5–6: strike the paragraph concerning reports of "infractions and violations of established rules" to church leaders, including Reip. It does not identify a bank-related rule, report, or act of concealment. The express inclusion of Reip instead places him within a generalized accusation that members were subjected to pervasive monitoring.

10. Paragraph 29, page 6: strike the paragraph concerning seminary discipline for texting someone of the opposite gender, attire, "insubordination," "Defiance," and "Sewing Discord and sedition." The last quoted wording appears in the Indictment as written. These accusations concern student conduct and religious discipline, not the alleged mortgage representations. Their incorporation invites disapproval of restrictive social practices and confusion between Reip's bank charges and the VA education case.

11. Paragraph 30, page 6: strike the paragraph alleging that Denis "castigated and humiliated congregants" for violations of expected conduct. The allegation does not identify pressure to carry out a charged bank act or conceal one. Its emotional force is the accusation of personal humiliation, which invites condemnation of the group through its leader.

12. Paragraph 31, page 6: strike the paragraph alleging restrictions on contact with former members, including family, and a list entitled "Ex-HOPCC Traitors." It

alleges no bank-related communication or concealment. The references to family separation and "Traitors" invite hostility unrelated to whether Reip knowingly joined or aided the bank scheme.

These requests do not depend on a categorical proposition that church relationships can never explain a fraud. Specific directions to straw buyers, access to identifying information, authority over loan documents, and rental operations may be relevant. The Government may argue that organizational authority explains compliance, silence, or concealment. But the challenged passages do not make that connection; they group seminary practices, private relationships, attendance rules, social discipline, humiliation, and family estrangement under an accusation of "extreme control and manipulation." Their incorporation converts a bank-fraud charge into a broad indictment of religious life and expressly places Reip among the persons to be condemned.

The retained allegations allow the Government to describe the asserted bank mechanism. Reip does not seek deletion of paragraphs 16–19, the identifying-information allegation in paragraph 22, the straw-buyer and rental allegation in paragraph 25, or the bank allegations concerning use of proceeds in paragraph 50. Nor does he request removal of the terms "ministerial love offering" and "love offering" in paragraph 18 merely because they have religious content: those words identify how payments were allegedly classified. He likewise leaves the Secretary of Veterans Affairs reference in paragraph 107, which identifies a seller in a bank-scheme property transaction. The requested distinction is between facts bearing on the alleged bank scheme and prejudicial accusations with no demonstrated connection to it.

If the Court concludes that the relevance of one of these paragraphs depends on the evidence, it should decide that paragraph separately. As narrower alternative relief, Reip requests deletion of the recurring phrase "As part of the

Case 1:25-cr-00062-JRH Document 225 Filed 09/29/26 Page 9 of 13

control and manipulation," from any otherwise retained paragraph among paragraphs 21 and 23–31, while preserving any factual allegation the Court finds relevant. A specific evidentiary connection should be evaluated without automatically retaining every accusation about church life.

### C. Paragraph 63's characterization of a departure as an escape is prejudicial surplusage

Paragraph 63 alleges: "On Thanksgiving Day, November 26, 2020, J.E. and her husband left the HOPCC and escaped to another state." Doc. 3 at 12. Reip requests deletion only of "and escaped to another state." The sentence would continue to identify the date and the couple's departure from HOPCC.

The distinction matters because paragraph 64 alleges a property transfer four days later. Reip leaves that chronology, the transfer, and the alleged use of a power of attorney intact. "Escaped," however, suggests captivity or danger without alleging either as part of a charged bank transaction. It reinforces the unrelated coercion narrative. The Government can present any relevant facts concerning departure and authority over the property without characterizing the couple as escapees in the charging instrument. This deletion applies to Count One; paragraph 63 is not among the paragraphs separately incorporated into Counts Two and Three.

## IV. The jury copy should implement the rulings without erasing other defendants' charges

Counts Four through Twenty-Three and their VA allegations, paragraphs 131–181, and the tax counts and paragraphs 182–187 therefore remain in the joint case. Doc. 3 at 23–37. Their relevance to the defendants charged in them prevents treating those entire counts as surplusage merely because Reip is not charged. The

requested relief instead addresses the introductory allegations incorporated into Reip's counts and the prejudicial characterizations identified above.

The Court can implement paragraph-specific relief through a redacted indictment or neutral summary approved for the joint trial. Any language found irrelevant and prejudicial to all charges may be omitted from the jury copy. If an introductory allegation is retained for another charge but stricken as to Reip, the copy should expressly exclude it from the incorporation provisions in paragraphs 32, 115, and 123 as applied to Reip, while preserving it for the charge to which it pertains. Numbering and the operative bank allegations should remain intact. A shared indictment need not indiscriminately attribute every introductory accusation to every defendant.

Reip requests a corresponding instruction identifying Counts One through Three as the only charges against him and directing the jury to consider each count and each defendant separately. The VA allegation that benefits exceeding $23,500,000 were fraudulently obtained is part of the separate VA scheme, not an allegation of loss in Reip's bank counts. Doc. 3 ¶ 178, at 32. The repeated use of "the Defendants" in the VA discussion, including paragraphs 157 and 178–179, should be explained by reference to the defendants named in Count Four. The indictment's express identification of Denis alone in the tax counts should likewise be preserved. This clarification implements the existing charges; it does not decide whether particular evidence is admissible against Reip for some independently proper purpose.

The common forfeiture allegation incorporates Counts One through Twenty-Three. Doc. 3 at 38–39. If that allegation is included in the jury materials, the Court should make clear that its collective reference does not add the VA offenses to the charges against Reip. This motion does not seek to determine or eliminate substantive forfeiture rights.

**V. If the Court defers decision it should protect the jury pending its ruling**

*Awan* expressly approves reserving a surplusage ruling until the evidence establishes relevance. It also emphasizes that, pending that decision, the district court protected the jury by supplying only an indictment summary that omitted the challenged allegations. *United States v. Awan,* 966 F.2d 1415, 1426 (11th Cir. 1992). Reip requests that procedure for any target the Court does not resolve before trial.

Specifically, Reip requests a Government response identifying the relevance asserted for each disputed passage to the bank charges or any other count being tried; consideration of any necessary proffer outside the jury's presence; and a ruling on each requested deletion. Pending a ruling, disputed language that has not been found relevant to a charge should be omitted from the indictment material read, displayed, or supplied to the jury. Language retained for a codefendant's charge should be presented with the limits the Court has determined, rather than automatically incorporated as an accusation against Reip. If relevant underlying evidence is offered, the Court can address that evidence separately. Striking words from an indictment does not automatically exclude evidence.

**CONCLUSION**

Reip respectfully requests that the Court strike paragraphs 1–2 and the first sentence of paragraph 3; "and indoctrination" in paragraph 15; paragraphs 20–21, 23–24, and 26–31; "As part of the control and manipulation," in paragraphs 22 and 25; and "and escaped to another state" in paragraph 63, to the extent those allegations apply to him, with the narrower alternatives described above. The Court should implement those deletions through paragraphs 32, 115, and 123 as appropriate, applying the deletion from paragraph 63 only to Count One; approve a jury copy or summary reflecting the rulings and preserving all operative charges against the other defendants; give the requested clarification of the counts and

defendants; and protect the jury from unresolved prejudicial language pending a relevance ruling.

Reip further requests such other relief as is necessary to implement these specific deletions without broadening the charges or impairing his objections to the admission of evidence.

Respectfully submitted this 29th day of September, 2026.

/s/ *Charles Hackney Rollins*
Charles Hackney Rollins
Georgia Bar No. 367169

CHARLES ROLLINS, PC
1450 Green Street, Suite 3600
Augusta, Georgia 30901
Telephone: (706) 814-2361
Email: charles@rollinspc.org
Counsel for Defendant David Reip

**CERTIFICATE OF SERVICE**

I certify that on the 29th day of September, 2026, I electronically filed the foregoing Defendant David Reip's Motion to Strike Surplusage and Incorporated Memorandum of Law with the Clerk of Court through CM/ECF, which provides electronic notice to counsel of record registered to receive such notice.

/s/ *Charles Hackney Rollins*

Charles Hackney Rollins